UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 17, 2019

LETTER TO COUNSEL

      RE:    *Leona A. v. Commissioner, Social Security Administration*;
                Civil No. SAG-18-2279

Dear Counsel:

      On July 26, 2018, Plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Disability Insurance Benefits. ECF 1. I have considered the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 17, 20, 21. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      This case has a lengthy procedural history, spanning almost eight years. Plaintiff filed her claim for benefits on October 31, 2011, alleging an onset date of January 1, 2006. Tr. 156-64. Because Plaintiff's date last insured was December 31, 2010, Tr. 169, she had to establish disability on or before that date in order to be eligible for benefits. Her claim was denied initially and on reconsideration. Tr. 86-89, 91-97. Administrative Law Judge ("ALJ") Timothy C. Pace held a hearing on August 8, 2013, Tr. 34-73, and then issued an opinion denying benefits. Tr. 15-33. Following Plaintiff's appeal to this Court, I issued an opinion on October 9, 2015, remanding the case to the SSA for two reasons: (1) to correct an inconsistency between the hypothetical presented to the vocational examiner and the residual functional capacity assessment; and (2) to provide an adequate analysis of Plaintiff's limitations in the area of concentration, persistence, or pace, consistent with the Fourth Circuit's mandate in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). Tr. 506-10. On August 11, 2016, a different ALJ, Milagros Farnes, held a second hearing, Tr. 458-500, and then issued an opinion on November 1, 2016, again denying benefits. Tr. 1046-63. This time, the Appeals Council ("AC") assumed jurisdiction of the case and remanded the case to the ALJ to resolve issues relating to Plaintiff's physical capacity. Tr. 515-17. ALJ Farnes held a third hearing on Plaintiff's claim on November 30, 2017. Tr. 428-57. On May 7, 2018, ALJ Farnes issued another opinion denying benefits, finding that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 406-19. ALJ Farnes's 2018 decision now constitutes the final, reviewable decision of the SSA.

      The relevant differences between the three ALJ opinions issued in this case are significant here. In the 2013 opinion by ALJ Pace, the analysis included an evaluation of the "paragraph B"

criteria of the mental disorders listings, and a finding that Plaintiff suffered from "moderate difficulties in maintaining concentration, persistence or pace." Tr. 21-22. ALJ Pace cited, in relevant part, Plaintiff's report of "difficulties concentrating due to persistent headache." Tr. 21-22. Following the remand by this Court, in the 2016 opinion by ALJ Farnes, Plaintiff was found to have "mild difficulties" in concentration, persistence, or pace, again relating to her headaches. Tr. 1050-51; *see also* Tr. 1053 ("The claimant further reported her ability to concentrate is impaired due to persistent headaches."). In the 2018 opinion after the AC's remand, however, ALJ Farnes did not engage in an evaluation of the "paragraph B" criteria, and did not discuss Plaintiff's alleged issues with concentration at any point in the opinion. Tr. 406-19.

Plaintiff raises three arguments on appeal: (1) that the 2018 ALJ opinion avoided this Court's remand order by eliminating the discussion of concentration, persistence, and pace, despite considering the same underlying evidence as the prior two ALJ opinions; (2) that the ALJ erred in evaluating her knee impairments; and (3) that the ALJ failed, when evaluating her credibility, to consider her consistent work history. ECF 17-2 at 6-25. I agree with Plaintiff's argument regarding the ALJ's failure to comply with the remand order, and I therefore grant remand under sentence four. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

In the October 9, 2015 remand order, I explained that I was "unable to ascertain whether the ALJ truly believed [Plaintiff] to have moderate difficulties in concentration, persistence, and pace, what the basis for that belief would be, and whether there is support in the medical evidence for the fact that any such difficulties did not require further limitations in her RFC assessment." Tr. 509. I therefore directed the ALJ, on remand, to provide "analysis consistent with the Fourth Circuit's mandate in *Mascio*." Tr. 509-10. My remand order, then, did not dictate any particular result in terms of the ALJ's analysis of the appropriate level of difficulties in concentration, persistence, and pace, but did require an adequate explanation of how the ALJ considered the evidence relating to Plaintiff's ability to concentrate. It is worth noting that in the intervening 2016 ALJ opinion (which did not become the final decision of the SSA), ALJ Farnes did analyze the evidence relating to concentration, persistence, and pace, although she reached a different conclusion about the degree of limitation than ALJ Pace had reached. Only in the 2018 opinion did ALJ Farnes decline to evaluate the paragraph B criteria.

The Commissioner correctly notes that, given Plaintiff's medical diagnoses, the regulations did not require the ALJ to apply the special technique for evaluating mental impairments or to consider the paragraph B criteria, absent any medically determinable mental impairment. ECF 20-1 at 6, 8-9. Thus, had the 2018 ALJ opinion been the first ALJ opinion in this case, the failure to apply the special technique would not have constituted error (although Plaintiff presumably still may have contested the ALJ's failure to discuss or consider her allegations of impaired concentration). In this case, however, this Court had specifically remanded the case to the SSA for further discussion of Plaintiff's limitations in concentration, persistence, or pace, and the failure to provide any such discussion constitutes error. *Sullivan v. Hudson*, 490 U.S. 877, 885-86 (1989) ("Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review."); *see also Myers v. Colvin*, Action No.

4:14-cv-32, 2014 U.S. Dist. LEXIS 184148, *41-42 (E.D. Va. Dec. 24, 2014) (quoting *Sullivan*, 490 U.S. at 885) ("The ALJ is not free to disregard the district court's order, which may 'include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed."). The error is particularly egregious in a case, like this one, where all of the relevant medical evidence is many years old, so no changes to the medical evidence could explain the finding of moderate limitation in one opinion and the lack of any discussion of concentration in the subsequent opinion. If, on remand, the ALJ believes Plaintiff to have no limitation (or mild limitation, or moderate limitation) in the area of concentration, persistence, and pace, the ALJ should provide an explanation of that conclusion, supported by substantial evidence, in order to satisfy the October 9, 2015 remand order.

Plaintiff's remaining arguments can and should be addressed on remand. First, as to Plaintiff's physical limitations pertaining to her ability to stand and walk, in addition to other physical capabilities, I note that the ALJ's 2018 opinion accords "significant weight" to the opinion of the medical expert, Dr. Kwock. Tr. 415. The record, reflects, however, that Dr. Kwock was provided an inaccurate form to complete, which did not convey the limited time frame within which Plaintiff's disability had to be assessed. *See* Tr. 1040 (Dr. Kwock's form providing that the interrogatory ran from January 21, 2006 "through present"). Given that Dr. Kwock completed his form roughly seven years after Plaintiff's date last insured, his opinion, premised on a dramatically overinclusive date range, cannot constitute substantial evidence to support the ALJ's conclusions. In addition to remedying the consideration of Dr. Kwock's opinion, the ALJ should ensure that the assessment of Plaintiff's physical capacity is supported by substantial evidence. Second, because the case is being remanded on other grounds, the ALJ should expressly consider Plaintiff's work history when evaluating her subjective assertions of disability.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 17, is DENIED and Defendant's Motion for Summary Judgment, ECF 20, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order will issue.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge